UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

| | |
|---|---|
| DEIRDRE COONES, as Executor of the Estate of Olin Coones,<br><br>    Plaintiff – Appellee,<br><br>v.<br><br>BOARD OF COUNTY COMMISSIONERS OF THE UNIFIED GOVERNMENT OF WYANDOTTE COUNTY/KANSAS CITY, KANSAS, et al.,<br><br>    Defendants – Appellants. | No. 24-3147<br>(D.C. No. 2:22-CV-02447-JAR)<br>(D. Kan.)<br><br><br>Motion to Reconsider Court's *Sua Sponte* Order Abating Appeal |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO
RECONSIDER COURT'S *SUA SPONTE* ORDER ABATING APPEAL**

On October 22, 2024, this court *sua sponte* abated Defendants' appeal. Here, abatement is proper. Defendants' argument hinges on the concept that Fed. R. App. P. 4(a)(4)(B) only applies to a limited type of motions, none of which encompasses the motion for reconsideration they filed in the district court.

Defendants are wrong for two reasons. First, Defendants' motion should be understood as a motion under Fed. R. Civ. P. 59 or 60 because it attacks an order that is "final" for the purposes of determining appellate jurisdiction. Second, even

if Defendants' motion is not a motion under Rule 59 or 60, it is widely accepted that motions for reconsideration toll the time for an appeal, and thus, Defendants' appeal is premature under Fed. R. App. P. 4(a)(4)(B)(i).

An order denying qualified immunity is a "final decision" for purposes of 28 U.S. Code § 1291. *See Behrens v. Pelletier*, 516 U.S. 299, 306 (1996) ("a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment."). Although Defendants' motion for reconsideration was not styled as a motion under Rule 59 or 60, it sought to undermine the very opinion on which they now request appellate review. A motion to reconsider that "final decision," even if it is not a judgment, is in effect a motion under Rule 59 or 60 because it attacks an order that is "final" for the purposes of determining appellate jurisdiction. Therefore, such a motion would trigger Rule 4(a)(4)(B).

Even if the motion is not construed as a motion under Rule 59 or 60, abatement is still proper. Motions for reconsideration toll the time for an appeal, regardless whether the motion is listed in Rule 4(a)(4)(A). *Gelder v. Coxcom Inc.*, 696 F.3d 966, 969 (10th Cir. 2012) ("In any event, the application of Rule 60(b) is irrelevant. As observed by the Seventh Circuit: '[F]ederal courts long have held that a motion for reconsideration tolls the time for appeal, provided that the motion

is made within the time for appeal. The practice is independent of [Appellate] Rule 4(a)(4), or any other rule.'") (citations omitted). Therefore, simultaneously appealing from an order that is subject to revision is improper under the commonsense principle articulated in *Gelder*: that motions for reconsideration render an appeal premature regardless of whether the particular reconsideration motion is one of the types enumerated in Rule 4(a)(4)(A).

WHEREFORE, Plaintiff respectfully requests this court maintain its order abating Defendants' appeal until the appeal is ripe.

Respectfully submitted,

**DEIRDRE COONES**

BY: /s/ Russell Ainsworth
*One of Plaintiff's Attorneys*

Russell Ainsworth
LOEVY & LOEVY
311 North Aberdeen Street, 3rd Floor
Chicago, IL 60607
(312) 243-5900

*Attorneys for Plaintiff*

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT

Certificate of Compliance With Type-Volume Limit,
Typeface Requirements, and Type Style Requirements

1. This document complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f): this document contains 436 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because: this document has been prepared in a proportionally spaced typeface using Word in 14 Font Times New Roman.

# CERTIFICATE OF SERVICE

I, Russell Ainsworth, an attorney, certify that on October 30, 2024, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to counsel of record:

**Attorneys for Defendants**
David R. Cooper, dcooper@fpsslaw.com | Direct 785.286-6609 | Cell 785.633.7545
Charles Branson, cbranson@fpsslaw.com |Direct 785.286.6611 | Cell 785.766-7892
Brian Mauldin, bmauldin@fpsslaw.com | Direct 785.783-6127 | Cell 706.829.6672
Fisher Patterson Sayler & Smith, LLP
3550 SW 5th Street

Tel 785.232.7761

**Attorneys for Defendant Unified Government of Wyandotte County and Kansas City, Kansas**
Joni S. Cole
Unified Government of Wyandotte County/Kansas City, Kansas
Legal Department
701 N. 7th Street, Suite 961
Kansas City, Kansas 66101
Tel: (913) 573-5060 | Fax: (913) 573-5243
jscole@wycokck.org

/s/ Russell Ainsworth